**GARFUNKEL WILD, P.C.**
111 Great Neck Road
Great Neck, NY 11021
Telephone: (516) 393-2200
Facsimile: (516) 466-5964
Burton S. Weston, Esq.
Adam T. Berkowitz, Esq.
Michael D. Goldberg, Esq.

*Counsel to Surgical Capital Solutions, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:

Seven Hills Pharmacy, Inc.
d/b/a Jayson Pharmacy, *et al.*,

Debtors.
---------------------------------------------------------x

Chapter 11

Case No. 21-71213-las

(Jointly Administered)

**LIMITED OBJECTION BY SURGICAL CAPITAL SOLUTIONS, INC.**
**TO THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING**
**RETENTION OF ROY J. MEIDINGER AS BROKER TO THE DEBTOR**

Surgical Capital Solutions, Inc. ("SCS") by and through its counsel Garfunkel Wild, P.C., hereby files this limited objection (the "Limited Objection") to the *Application for an Order Authorizing Retention of Roy J. Meidinger as Broker to The Debtors* (the "Retention Motion") [Docket No. 89] filed by the Debtors (as defined below), and respectfully states as follows:

**BACKGROUND**

1. On July 1, 2021 Seven Hills Pharmacy, Inc. d/b/a Jayson Pharmacy ("Seven Hills") and certain of its affiliates (collectively, the "Affiliated Debtors") each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On July 6, 2021 (the "Petition Date") New Hyde Park Pharmacy, Inc. d/b/a Lakeville Pharmacy ("New Hyde Park" and, together with Seven Hills and the Affiliated Debtors,

collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On July 13, 2021, the Court entered an order directing the joint administration of the Debtors' cases [Docket No. 24].

4. Prior to the Petition Date, New Hyde Park granted SCS a security interest in certain accounts and accounts receivable of New Hyde Park.

5. On August 26, 2021 New Hyde Park and SCS entered into a stipulation (the "Cash Collateral Stipulation") governing the use of the Collateral (as defined therein) which was subject to SCS security interest, which was so ordered by the Court [Docket No. 80].

6. On September 14, 2021, the Debtors filed the Retention Motion to retain Roy J. Meidinger as a broker to market certain of the Debtors' assets for sale.

## LIMITED OBJECTION

7. SCS does not have an objection to the retention of a broker to sell the Debtors' assets. However, the Retention Motion specifies that the broker shall be paid a commission of "6% Commission on Gross Proceeds from the sale or recoupment of the Pharmacy tangible and intangible assets of all Pharmacy locations." (Retention Mot. at ¶ 19.) Additionally the Retention Motion defines 'tangible assets' to include cash and accounts receivable. Id. It is unclear from the Retention Motion whether the proposed retention provides for a Commission on the "sale or recoupment" of the Collateral (as defined in the Cash Collateral Stipulation) in which SCS possesses a security interest. Additionally, pursuant to the Cash Collateral Stipulation, New Hyde Park agreed "to segregate any and all monies recovered on account of the Collateral and to hold and not otherwise use such funds until there is an agreement among the Parties or further order of this Court." (Cash Collateral Stip. At ¶ 1).

8. Accordingly, SCS objects to the granting of the relief requested in the Retention Motion solely to the extent that such relief will result in the granting of a Commission in connection with those assets of New Hyde Park which constitute SCS's Collateral (as defined in the Cash Collateral Stipulation).

## RESERVATION OF RIGHTS

9. SCS reserves any and all rights to further object to the Retention Motion on any and all other grounds.

**WHEREFORE**, SCS respectfully requests that the Court: (a) not grant the relief requested in the Retention Motion solely to the extent that such relief will result in the granting of a Commission in connection with those assets of New Hyde Park which constitute SCS's Collateral (as defined in the Cash Collateral Stipulation); and (b) grant such other and further relief as is just and proper.

Dated: Great Neck, New York
September 29, 2021

**GARFUNKEL WILD, P.C.**

*Counsel to Surgical Capital Solutions, Inc.*

By: /s/ Adam T. Berkowitz
Burton S. Weston, Esq.
Adam T. Berkowitz, Esq.
Michael D. Goldberg, Esq.
111 Great Neck Road
Great Neck, NY 10021
Telephone: (516) 393-2200
Facsimile: (516) 466-5964